UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARNELL CREDELL,

        Plaintiff,

    -v-

SGT. R. HURT, and
C.O. O.M. FEARBY,

        Defendants.

_____

20-CV-7108 FPG

ORDER

## INTRODUCTION

*Pro se* Plaintiff, Darnell Credell, an inmate incarcerated at the Attica Correctional Facility ("Attica"), filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleged that Defendants illegally fingerprinted him and then punished him for refusing to cooperate in violation of his constitutional rights. Following review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Complaint was dismissed for failure to state a claim upon which relief may be granted, but Plaintiff was granted leave to file an amended complaint. ECF No. 11.

Plaintiff has filed an amended complaint. ECF No. 12 ("Amended Complaint"). For the reasons below, the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) for failure to state a claim.

## DISCUSSION

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Amended Complaint. Section 1915A "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil

action in which a prisoner seeks redress from a governmental entity, or an officer or employee of

a governmental entity, if the court determines that the action (1) fails to state a claim upon which

relief may be granted or (2) seeks monetary relief against a defendant who is immune from such

relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Generally, the court will afford a pro se plaintiff an

opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility,

however unlikely it might be, that an amended complaint would succeed in stating a claim."

*Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be

denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000).

## I.      The Amended Complaint

In evaluating the Amended Complaint, the Court must accept all factual allegations as true

and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir.

2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not

necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see*

*also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in pro se

cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is

appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe

[pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v.*

*McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the

notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360

F.3d 73, 79 (2d Cir. 2004).

II.    **Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks omitted).

III.    **Plaintiff's Allegations**

Plaintiff's allegations are accepted as true at this stage of the proceedings. On an unspecified date (in 2018 or perhaps earlier[1]), Defendants "requested [] to take my fingerprints to forward [the fingerprints] back to Jefferson County" where Plaintiff had been convicted. ECF No. 12 at 5. Defendants were "not authorized to retake my prints because of [a] due process issue at

---

[1] Plaintiff's prison disciplinary misconduct sanctions were affirmed on December 6, 2018 following an administrative appeal, a separate N.Y. C.P.L.R. Article 78 proceeding and an appeal to the Appellate Division, Third Department. *Credell v. Hurt*, 167 A.D.3d 1113, 1114 (3d Dept. 2018) *lv. den.* 32 N.Y. 3d 919 (2019).

the trial level." *Id.* Plaintiff had already provided a set of fingerprints when he was first incarcerated at the Department of Corrections and Community Supervision ("DOCCS"). *Id.* Fingerprinting was illegal because the Court of conviction "never had jurisdiction over my body." *Id.*

When Plaintiff refused to cooperate with fingerprinting, he was served with a notice of a Teir II disciplinary violation. *Id.* Later, Plaintiff was improperly served with a notice of a Tier III violation. *Id.* at 7. At his Tier III hearing, Plaintiff was improperly convicted of refusing to follow a direct order. *Id.* The Appellate Division, Third Department, affirmed the disciplinary finding, *see supra* at n. 1, citing irrelevant caselaw which pertained to medical care. *Id.* at 6. Plaintiff seeks $400,000.00 in damages.

## IV.   Analysis

### A. Fingerprinting Claims

Plaintiff appears to base his claims on the impropriety, under New York state law or administrative rules, of the directive that he provide fingerprints to replace those which should have been taken earlier in the criminal proceedings, but which were not.[2] However, even assuming, *arguendo*, there is a state procedural bar to the Defendants' demand that Plaintiff be fingerprinted again, this does not state a claim cognizable under § 1983. An inmate's allegation that state rules and regulations have been violated does not state a constitutional claim. *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights."); *see also Concourse Rehabilitation & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As

---

[2] New York Criminal Procedure Law § 160.10(1) mandates that fingerprints be taken "following the arraignment upon a local criminal court accusatory instrument of a defendant whose court attendance has been secured by summons or appearance ticket."

we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("[A] state authority's failure to comply with its own statutory regulations does not facially implicate an interest secured by the laws of the United States in order to assert a § 1983 claim").

Thus, Plaintiff's constitutional rights were violated only if he had a constitutional right to refuse to be fingerprinted. Contrary to the Plaintiff's allegations, the Appellate Division, Third Department, did not rule that that the Defendants infringed on his constitutional rights. The Appellate Division held that

> Although petitioner asserted that the correction officer lacked the authority to compel him to submit an additional set of fingerprints, 'inmates are not free to disobey the orders of correction personnel, even if such orders appear to be unauthorized or infringe upon the inmate's constitutional rights'

*Credell*, 167 A.D.3d at 1114-15 (citing *Matter of Watson v. Gardner*, 156 A.D.3d 1050, 1051 (3d Dept. 2017)). Thus, the Appellate Division did not reach the issue of whether Plaintiff's rights were infringed, because he was obliged to obey the orders of correction personnel even if his rights were being infringed.

Plaintiff, a convicted felon incarcerated in a DOCCS facility, has no constitutional basis to refuse to provide fingerprints.[3] "A person in custody has no right to refuse to be fingerprinted. . ." *Begay v. United States*, 15-CV-00142-LTB, 2015 WL 1540982, at *5 (D. Colo. Apr. 1, 2015). The "Fourth Amendment's protection against unreasonable searches and seizures is not applicable here, because it only prohibits the taking of fingerprints from an individual who has been unlawfully detained." *United States v. Williams*, Civil Action No. 09-5154, 2010 WL 1688550, at *4 (E.D. Pa. Apr. 26, 2010) (citing *Davis v. Mississippi*, 394 U.S. 721, 724 (1969)). A lawfully

---

[3] Plaintiff's allegations that fingerprinting was illegal because he was not properly convicted are wholly conclusory. Moreover, even if he had plausibly alleged that fingerprinting was improper because there was no valid conviction, any claim based on such an argument would be barred. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

detained defendant has no Fourth Amendment protection against fingerprinting, in part because fingerprinting, by its very nature, "involves none of the probing into an individual's private life and thoughts that marks an interrogation or search." *United States v. Dionisio*, 410 U.S. 1, 15 (1973) (quoting *Davis*, 394 U.S. at 727). The taking of fingerprints from a defendant while lawfully incarcerated does not violate the Fourth Amendment because the mere fact of lawful incarceration is a sufficient basis to permit the taking of prints. *Davis*, 394 U.S. at 724.

Indeed, even someone who is merely suspected of a crime has no right to refuse to provide fingerprints.

> An individual called before a grand jury to submit to photographing and fingerprinting and to provide handwriting exemplars and hair samples has no right under the Fifth Amendment to refuse to comply with the request, nor need the government make any showing that the request is reasonable.

*In re Rosahn*, 671 F.2d 690, 694 (2d Cir. 1982) (citing *Dionisio*, 410 U.S. 1). Therefore, Plaintiff's illegal fingerprinting claims are dismissed with prejudice for failure to state a claim on which relief may be granted.

### B. Due Process Claims

Plaintiff alleges further that he was improperly disciplined at a Tier III hearing when he had signed for a Tier II ticket and the charges were improperly upgraded in severity. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)).

Prison inmates facing disciplinary hearings which may result in the loss of good time are entitled to the following due process protections:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in (their) defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Supt., Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).  Specifically, according to *Wolff*, the Due Process Clause requires that prisoners appearing at a disciplinary hearing must be provided 24 hours written notice of the charges against them, the right to call witnesses and present documentary evidence, the aid of a staff member or inmate in presenting a defense, an impartial tribunal, and a written statement of the basis for the tribunal's decision.  418 U.S. at 563-67.

Plaintiff alleges only that he was initially served with a Tier II disciplinary ticket, and later improperly served with a Tier III disciplinary ticket.  This does not plausibly allege a violation of any of the rights guaranteed by the Due Process Clause.  Even assuming *arguendo* that service of a Tier III violation is improper after the inmate has signed for a Tier II violation as to the same misconduct, and that the procedure used thus violated New York rules and regulations, this does not state a claim cognizable under § 1983.  A failure to comply with DOCCS's internal procedural rules and requirements is not a violation of a constitutional right.  *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *D'Amato v. U.S. Parole Comm'n*, 837 F.2d 72, 76 (2d Cir. 1988).  Because "[d]ue process for an inmate disciplinary hearing does not encompass a right to a speedy hearing.  The Second Circuit has held that the lack of a speedy hearing alone 'would not be enough generally to establish a constitutional claim.'"  *Barnes v. Henderson*, 628 F. Supp. 2d 407, 411 (W.D.N.Y. 2009) (quoting *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)).  Plaintiff's non-conclusory allegations regarding the procedures used at his Tier III disciplinary hearing thus fail to plausibly allege any due process violation.  Plaintiff's due process claims are therefore dismissed with prejudice.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED that the Amended Complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim on which relief may be granted;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
Frank P. Geraci, Jr.
United States District Judge
Western District of New York

DATED:        October 6, 2021
              Rochester, NY